# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN MODERN SELECT<br>INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | )    Case No. 07-CV-315-JHP-SAJ<br>) |
| JASON CRUM, Individually and d/b/a J.C.O.,<br>HOMER ALLEN, and SHARON ALLEN, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is the plaintiff, American Modern Select Insurance Company's ("American Modern's"), Motion for Summary Judgment, the defendants, Homer Allen and Sharon Allens' ("the Allens"), Response, and Plaintiff's Reply to said motion. This action was filed by American Modern to obtain a judicial declaration establishing the lack of coverage under an insurance policy sold to the defendant, Jason Crum, d/b/a J.C.O ("Crum").[1] American Modern sold Crum a commercial general liability policy ("CGLP") effective from November 22, 2005, through November 22, 2006.

Crum, a construction contractor, entered into a contract with the Allens to remodel and expand their existing residence in July, 2006. Crum submitted a boiler plate agreement as a

---

[1] Pursuant to Fed.R.Civ.P. 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the court may enter default. Defendant Crum was served with the Complaint and Summons on June 27, 2007, and has failed to respond or answer. Accordingly, Crum is in default and Plaintiff is entitled to judgment under Rule 55.

proposed draft. Mrs. Allen retyped the document and inserted an addendum containing details of the work to be performed  The demolition/remodeling started in late July and by September, 2006, Crum had walked off the job due to a dispute with the Allens over payment. The Allens refused to pay Crum the additional money demanded, and he refused to perform any additional work.

The Allens filed suit against Crum in the Tulsa County District Court on January 25, 2007, Case Number CJ-07-537. The Allens testified a considerable portion of the damage to their home was the result of poor workmanship and carelessness by Crum in the demolition of portions of their house and his neglect or failure to perform the contract in a workmanlike manner. According to the Allens, other damages were sustained when Crum failed to properly perform roofing operations.[2] Additionally, the Allens contend subcontractors cosmetically damaged three pieces of personal property, a china cabinet, washer/dryer, and some yard lights.

**DISCUSSION**

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law.

---

[2] The Allens have stipulated the insurance policy contains an exclusion applicable to "all damage directly related to the roofing work performed by or on behalf of Jason Crum d/b/a J.C.O., or by any subcontractor."

*Id. at 249.*

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1310 (10th Cir. 2006). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007).

In the instant case, Crum purchased a commercial general liability policy which excluded coverage unless there was bodily injury or property damage caused by an occurrence which is defined as an accident. Coverage under a commercial general liability policy, such as that in the instant case, is not intended to extend to ordinary "business risks," such as those relating "to the repair or replacement of faulty work or products." *Hartford Acc. & Indem. Co. v. Pacific Mut. Life Ins. Co.*, 861 F.2d 250 (10th Cir. 1988). "The policy is not intended to serve as a performance bond or a guaranty of goods or services. Its purpose is to protect the insured from liability for damages to property other than his own work or property that is caused by the insured's defective work or product." *Id*.

In this case, the Allens contracted with Crum to remodel their existing home. The Allens

3

complain of improper and deficient workmanship. The Allens do not allege any event or series of events that could be construed as an accident. The alleged deficiencies and substandard construction did not constitute an accident or an occurrence under the plain-meaning rule, even if the resulting work was unexpected, unforeseen, or unintended by the insured. *See* <u>Trinity Universal Insurance Co. v. Broussard</u>, 932 F.Supp.1307 (N.D. Okla. 1996).

The purpose of a CGLP policy is to protect the insured from liability for damages to property other than his own work or property that is caused by the insured's defective work product. <u>Id</u>. The Allens argue the work performed by Crum caused structural damage to their home which was not related to the actual remodeling project being performed. Mr. Allen testified that five ceiling truss joints were cut which caused the ceilings in the home to sag and cutting these ceiling truss joints was not part of the remodeling job. Further, the Allens have asserted walls were removed which were also not part of the remodeling job. Based on the record, however, including the contract and addendum to the contract prepared by Mrs. Allen, as well as the testimony and report of the Allens' expert witness, Mr. Tom Hendrick, the Court finds the work performed by Crum was contemplated and covered by the contract and addendum. The Allens cannot isolate the extensive work negotiated for under the terms of the contract, including demolition work, from the damage caused to their home. *See BOCL §11:43 Construction Law, Insurance, n.10 (May 2008) citing* <u>Spears v. Smith</u>, *690 N.E.2d 557, 559 (1196)("the Plaintiffs cannot isolate the floor from the walls and composition of the home and maintain that the faulty floor caused damage to the rest of the home, as if they were not a single unit);* <u>Columbia Mut. Ins. Co. v. Schauf</u>, *967 S.W.2d 74 (Mo. 1998).* Accordingly, the damage to the Allens' home is excluded from coverage.

There remain questions of fact, however, in regard to the alleged damage to personal property, including the china cabinet, washer/dryer, and yard lights. Damage caused accidently to the Allens personal property is the type of damage contemplated by the CGLP policy. Although the Allens were not home when the alleged damage occurred, they testified the property was in good condition when they left for work. The only people with access to their home during the day, were Crum and/or his subcontractors. Therefore, this is an issue more properly determined by the trier of fact.

Accordingly, Plaintiff's Motion for Summary Judgment is granted in part and denied in part.

James H. Payne
United States District Judge
Northern District of Oklahoma